[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10421

_____

DARIUS CLARKE, M.D.,
RESTORATIVE HEALTH AND WELLNESS, PLLC,
ex rel,

Plaintiffs-Appellants,

STATE OF FLORIDA,

Plaintiff,

*versus*

HEALTHSOUTH CORPORATION,
n.k.a. Encompass Health Corporation,
REHABILITATION HOSPITAL CORPORATION OF
AMERICA, LLC,
d.b.a. Encompass Health Rehabilitation Hospital of Richmond,

2                    Opinion of the Court                    21-10421

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:14-cv-00778-VMC-AAS

_____

Before WILLIAM PRYOR, Chief Judge, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Plaintiffs Dr. Darius Clarke and his company Restorative Health and Wellness, PLLC (collectively "Dr. Clarke") filed a *qui tam* complaint against HealthSouth Corp. and related entities ("HealthSouth") on behalf of the United States and twenty states asserting claims under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-31, and analogous state laws. The *qui tam* complaint alleged, *inter alia*, that HealthSouth engaged in fraudulent Medicare billing practices in violation of § 3729. It also alleged that HealthSouth had retaliated against Dr. Clarke, the Medical Director at one of HealthSouth's inpatient rehabilitation facilities, in violation of the anti-retaliation provision in § 3730(h)(1).

After the United States intervened, the parties settled the *qui tam* claims, which were voluntarily dismissed, leaving only Dr. Clarke's § 3730(h)(1) retaliation claim. Following additional

discovery, the district court granted HealthSouth's motion for summary judgment on Dr. Clarke's retaliation claim.

The district court determined that to state a § 3730(h) retaliation claim, the plaintiff must show that: (1) the employee engaged in conduct protected under the FCA; (2) the employer knew the employee was engaged such conduct; and (3) the employer retaliated against the employee because of such conduct. In granting summary judgment, the district court assumed Dr. Clarke had engaged in protected conduct under the FCA but concluded that Dr. Clarke had failed to create a genuine dispute of material fact (1) as to whether HealthSouth knew he had engaged in protected conduct, and (2) as to whether HealthSouth had retaliated against him because of the protected conduct; thus, he failed to establish a prima facie case of § 3730(h)(1) retaliation. On appeal, Dr. Clarke does not dispute the district court's three-part formulation of the prima facie case but challenges the district court's rulings that there were no genuine issues of material fact as to the second and third elements.

Further, in reaching its conclusion as to the third element about causation, the district court applied the *McDonnell Douglas* framework and concluded that HealthSouth had articulated a legitimate reason for its actions as to Dr. Clarke and that Dr. Clarke had not shown pretext.[1]  We need not decide whether the *McDonnell Douglas* framework applies to this type of retaliation

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).

claim because neither party challenged its application to a § 3730(h)(1) retaliation claim.  Furthermore, HealthSouth did show legitimate reasons for its actions, and on appeal Dr. Clarke has not challenged the district court's ruling as to pretext.

After careful review of the parties' briefs and the record and with the benefit of oral argument, we conclude that Dr. Clarke has shown no reversible error in the district court's ultimate decision to grant summary judgment in favor of HealthSouth.

**AFFIRMED.**